# Williams, Appellant, *v.* Phila. Trust, Safe Deposit & Ins. Co., Ex'r of Baeder.

*Contract—Division of partnership profits—Effect of death.*

Defendant agreed under seal to pay plaintiff three per centum of profits realized each year by a firm in which both were partners with others, the agreement to continue until dissolution of the firm by " death of either of the partners hereto," or by limitation of the partnership agreement. *Held*, that, under the terms of the agreement, plaintiff was not entitled to the percentage after defendant's death, without regard to whether, under the partnership articles, death would dissolve the existing partnership, as a misapprehension of the effect on the partnership of the death of the parties to the contract in question would not operate to continue the contract against their clear intention to terminate it.

Argued March 25, 1892. Appeal, No 124, Jan. T., 1892, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1889, No. 380, on verdict for defendant in assumpsit for percentage on profits of partnership under agreement with defendant's testator. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

At the trial the evidence was to the effect, that, on Aug. 15, 1879, articles of partnership, for the term of ten years from July 1, 1879, " unless sooner dissolved by a majority in numbers and interest " were entered into between defendant's testator, Chas. Baeder, Thos. Williams, the plaintiff, and others.

By these articles it was provided that Baeder was to receive thirty per centum of the profits and was to pay thirty per centum of the losses. Williams was to receive five per centum of the profits and was to pay five per centum of the losses. It was stipulated that each of the partners, saving Baeder, should receive as a salary, in addition to his share of the profits, the sum of $2,000 per annum. The provisions as to termination of the partnership are immaterial under the decision of the Supreme Court.

Williams, who was the son-in-law of Baeder, was engaged in another business at the time of the negotiations for the formation of the firm of Baeder, Adamson & Co. By the terms of the partnership agreement, he agreed not to engage in any other business during the partnership. Plaintiff's wife testi-

fied, under objection, that her father told her husband he would try to get eight per cent for him out of the partnership, if he would go in, but if he could not get that, he would give the three per cent out of his own pocket.

An agreement was entered into between Baeder and Williams, Sept. 24, 1879, by which Baeder covenanted to pay to Williams, " in addition to the salary and share of profits to which he is entitled as a partner in the firm of Baeder, Adamson & Co.," as follows: " Whenever under the provisions of the present articles of said copartnership the partners shall be entitled to receive a credit for their share of profits, . . . . . Williams shall receive a credit to his account equal to three per cent on the amount thus ascertained from the books as the proper sum to be divided, and which amount so credited him on the books of Baeder, Adamson & Co. shall be charged on same books to the separate account of Charles Baeder. . . . . . It is also understood and agreed that all sums credited in accordance with the foregoing provisions are to remain with the capital of the firm, and may not be drawn against during the continuance of this contract." Then followed a clause as to the duration of the agreement, quoted in the opinion of the Supreme Court.

Baeder died Sept. 25, 1886. His interest in Baeder, Adamson & Co. was allowed to continue until July 1, 1889. Thereafter it was withdrawn from the firm. For the year ending July 1, 1887, the firm declared profits to the amount of $117,546.52; for the year ending July 1, 1888, it declared profits to the amount of $142,541.25. The present suit was brought to recover the sum of three per centum upon these two annual sums declared as profits. Williams continued in the firm until July 1, 1889, when the partnership was dissolved by limitation.

The court directed a verdict for defendant, and judgment was entered thereon. Plaintiff thereupon appealed.

*Errors assigned* were (1) direction of verdict, and (2) entry of judgment.

*John G. Johnson*, for appellant.

*J. B. Townsend* and *R. C. McMurtrie*, for appellee.

OPINION BY MR. JUSTICE McCOLLUM, May 30, 1892.

The claim of the appellant is that by his agreement with Chas. Baeder under date of Sept. 24, 1879, he was entitled to receive

the three per cent of profits mentioned therein until the dissolution of the partnership of Baeder, Adamson & Co., and that it was not dissolved by the death of Charles Baeder. In answer to this claim, the appellee contends (1) that the death of Baeder dissolved the partnership, and (2) if it did not, it terminated the appellant's right to such profits accruing thereafter. The only subject involved in the litigation is the right of appellant to profits earned after Baeder's death. In the view we take of the case it is not necessary to determine or consider the effect on the partnership of Baeder's death, as the liability of his estate and the right of the appellant in this action must be ascertained from the agreement under which the claim is made. The language of the agreement in reference to its duration is as follows : " It is further understood and agreed that this contract shall take effect from July 1, 1879, and shall continue until the dissolution of the present firm of Baeder, Adamson & Co., whether by the death of either of the partners hereto, or by limitation in accordance with the terms of their copartnership agreement." In construing this provision effect must be given to the intention of the parties if it can be discovered from the language used by them. It was obviously their understanding that the death of either of them should terminate their agreement respecting the three per cent of profits, and perhaps they thought it would also dissolve the then existing partnership of Baeder, Adamson & Co. If they misapprehended the effect on that partnership of the death of either of the parties to the contract in question such misapprehension would not operate to continue the contract against their clear intention to terminate it. They had an undoubted right, for the purposes of their agreement, to consider the dissolution of the partnership as a consequence of the death of either of them, and the event which they supposed would produce that result cannot be ignored in the ascertainment of their intention, even if a correct construction of the partnership articles should show they misunderstood its effect. If the appellant's contention is sound, the words " whether by the death of either of the partners hereto," and the succeeding words of the last paragraph of their agreement, are inoperative and meaningless. It was not necessary to specify the matters which they supposed would operate as a dissolution of the firm of Baeder, Adamson & Co., if they intended

that their agreement should remain in force during the life of the partnership. But the words referred to are not without significance. They indicate a clear intention of the parties that their contract should terminate on the death of either of them, or on the dissolution of the partnership by limitation in accordance with the terms of the written articles. Whether the allowance to the appellant is considered as a gratuity or as compensation for services to be rendered by him, there is no reasonable ground for supposing that it was to continue after his death. But, if his construction of the agreement is correct, his death the day after the execution of it would not have terminated it, and his estate would have been entitled to receive for ten years the annual credit therein provided for. Certainly, such a result was not contemplated by the parties.

The specifications of error are overruled.

Judgment affirmed.